**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KYEUNG GUK MIN, | ) | Case No. 14-13416-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |

**MEMORANDUM OPINION**
**AND ORDER DISALLOWING PROOF OF**
**CLAIM NO. 31-1**

This matter is before the Court on the Debtor's Amended Motion to Disallow Proof of Claim No. 31-1 filed by Sang Wook Kim. Docket No. 338. Mr. Kim filed a Response opposing the Motion. Docket No. 351. The Court heard the arguments of the parties on June 6, 2017. For the reasons stated below, the Court will disallow the claim on the ground of res judicata.

**Findings of Fact**

The Court makes the following findings of fact:

*A. The Proceedings in Chapter 11.*

1. The Debtor, Kyeung Guk Min, filed a voluntary petition under Chapter 11 with this Court on September 14, 2014. Docket No. 1.

2. The Debtor listed Sang Wook Kim in his Schedules, with an address of 334 N. Spence Avenue, Goldsboro, NC 27534. Docket No. 1, Schedule F, p. 26. The claim was listed as "disputed," in the amount of $900,000.00. *Id.* The nature of the claim was stated to be an investment in Adams Auto Wash, LLC, one of the Debtor's businesses. *Id.*

3. The Clerk issued a Notice of Meeting of Creditors. Docket No. 8. The Notice included a Bar Date for the filing of non-governmental claims of January 13, 2015. *Id.*

4. Mr. Kim did not file a proof of claim by the Bar Date. Rather, Mr. Kim filed a proof of claim (No. 30-1) in the amount of $1,000,000.00, on January 14, 2016, a year after the Bar Date.

5. The next day, January 15, 2016, Mr. Kim filed an Objection to the Debtor's Amended Disclosure Statement, which was pending with the Court at the time. Docket No. 201.

6. On February 5, 2016, Mr. Kim filed a Motion to Allow the Late Filing of his Proof of Claim. Docket No. 213. *See* Bankruptcy Rule 9006(b)(1) (excusable neglect standard for the filing of late claims in Chapter 11); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) (same). The Debtor objected to Mr. Kim's Motion. Docket No. 220.

7. Mr. Kim filed a Motion to Continue the hearing set on his Motion, claiming travel difficulties. Docket No. 221. The Court granted his Motion to Continue and carried the hearing over to April 25, 2016. Docket No. 223.

8. Mr. Kim did not appear at the April 25th hearing. The Court denied Mr. Kim's Motion to Allow the Late Filing of his Proof of Claim, after finding that Mr. Kim had not sustained his burden to show that there was excusable neglect. Docket No. 336, Ex. 3, p. 6.

9. On April 28, 2016, the Court entered an Order Denying Creditor Sang Wook Kim's Motion for Leave to File a Late Proof of Claim. Docket No. 238.

10. Mr. Kim did not appeal the denial of his Motion for Leave to File a Late Claim.

*B. The Case is Converted to Chapter 7.*

11. On June 3, 2016, the U.S. Trustee filed a Motion to Convert Mr. Min's case to Chapter 7. Docket No. 242.

12. On September 20, 2016, the Court heard both the U.S. Trustee's Motion to Convert the case to Chapter 7 and the hearing on confirmation of the Debtor's Amended Plan of Reorganization. After hearing the evidence including the Debtor's testimony, the Court denied

confirmation of the Debtor's Amended Plan and continued the U.S. Trustee's Motion to Convert to October 18, 2016, which the Court granted at the continued hearing. Docket Nos. 278, 281.

13. The Debtor's case was converted to Chapter 7 on October 24, 2016. Docket No. 292.

14. The Debtor filed a Motion to Reconsider. Docket No. 279. The Court denied the Motion to Reconsider on October 24, 2016. Docket No. 291.

15. On October 26, 2016, the Clerk sent out a Notice of Meeting of Creditors in the converted case. Docket No. 294. The Notice was a "no asset" notice, meaning that it advised creditors not to file claims unless and until they were advised that they could do so in a subsequent notice. *Id.*

16. The Trustee, Kevin McCarthy, filed a Request for Asset Notice, requiring that Proofs of Claim be filed in this case. Docket No. 300. In response, the Clerk mailed out a Notice of Need to File Proofs of Claim, with a new Bar Date of March 6, 2017. Docket No. 302.

*C. Mr. Kim Files a Second Claim.*

17. Mr. Kim filed a second Proof of Claim (No. 31-1) on January 28, 2017. The second Proof of Claim was identical in all respects to the previously disallowed Proof of Claim No. 30-1.

18. On February 1, 2017, the Debtor filed a Motion to Disallow the new Kim claim. Docket No. 311. Mr. Kim objected. Docket No. 315. The Court denied the Motion on standing grounds, without prejudice to the Debtor's ability to demonstrate standing. Docket No. 329.

19. The Debtor renewed his Motion to Disallow the new Kim proof of claim on May 1, 2017. Docket No. 336. The Debtor amended his Motion the following day. Docket No. 338. Mr. Kim responded. Docket No. 351.

20. The Court heard the arguments of the parties on June 6, 2017, at which time it took the Motion under advisement.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference of the U.S. District Court for this District entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

The Debtor objects to Mr. Kim's claim on two grounds: (a) res judicata, owing to the disallowance of the claim when the case was in Chapter 11; and (b) various contract and setoff grounds arising out of the parties' pre-petition financial dealings. Mr. Kim responds by asserting: (a) the Debtor does not have standing to object to his claim; (b) res judicata does not apply, because Bankruptcy Rule 1019(2) sets a new time period to file claims after the conversion of a case; and (c) his claim should be allowed pursuant to applicable non-bankruptcy law. The Court will address the standing issue and the Debtor's res judicata argument, below. Because the Court finds for the Debtor on both issues, it need not address the underlying merits of the claim.

**I. The Debtor Has Standing to Object to the Kim Claim.**

As a general proposition, debtors in Chapter 7 lack standing to object to proofs of claim because they lack the requisite pecuniary interest in the outcome. *Willemain v. Kivitz,* 764 F.2d 1019 (4th Cir. 1985). There are, however, exceptions to this general rule. For example, in *McGuirl v. White,* 86 F.3d 1232 (D.C. Cir. 1996), the D.C. Circuit held that a debtor has standing to object to an application for the allowance of fees where the debtor had non-dischargeable debts and, therefore, any amounts paid on allowed administrative expenses would diminish (or eliminate) any amounts that could be paid on the debtor's non-dischargeable debts. *Id.* at 1236.

More recently, the Bankruptcy Court for the Western District of North Carolina held that a Chapter 7 debtor has standing to object to joint claims where the allowance of such claims would potentially result in the sale of otherwise exempt tenants by the entireties property. *In re Lyon*, No. 11-50343, 2011 WL 5299229 (Bankr. W.D. N.C. Nov. 2, 2011). The court in *Lyon* held: "Where the determination of a claim can result in the inclusion of a debtor's otherwise exempt property in the bankruptcy estate, and potentially with the sale of the debtor's residence, the debtor has a pecuniary interest and standing to object to the claim." *Id.* at *****2. The Court views *Lyon* as having been correctly decided.

In this case, the Debtor sufficiently alleges standing under *Lyon*. Mr. Kim's claim appears to be a joint claim with the Debtor's wife. *See* Proof of Claim No. 31-1, Part 2 (Investment Agreement, executed by Mr. and Ms. Min). In his Schedules, the Debtor listed eight of the nine properties that he owned at the time he filed for bankruptcy as being owned as tenants by the entireties, including his residence at 15125 Braddock Road, Centerville, VA. Docket No. 1, Schedule A. The Debtor correctly asserts that one or more of these properties will be at risk for a sale by the bankruptcy Trustee if the Kim joint claim is allowed. *See* 11 U.S.C. § 363(h) (sale of property owned by the debtor with non-debtor parties). Accordingly, the Court finds that the Debtor has standing to object to the Kim proof of claim.

**II. The Claim is Barred by Res Judicata.**

The doctrine of res judicata applies where: (1) there is a prior judgment which was final on the merits, rendered by a court of competent jurisdiction on matters necessarily resolved; (2) the parties are identical or are in privity with the parties in the prior adjudication; and (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017); *Covert v.*

*LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015); *see also Providence Hall Assocs. L.P. v. Wells Fargo Bank, N.A.*, 816 F.3d 273 (4th Cir. 2016) (Section 363 sale order was res judicata of lender liability claims against secured creditor); *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003) (final allowance of fee application was res judicata to any subsequent claim for legal malpractice).

Bankruptcy Rule 1019(2)(A), on the other hand, states as follows, with respect to converted cases:

> *New Filing Periods*. A new time period for filing . . . a claim, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence under Rules 1017, 3002, 4004, or 4007, but a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing . . . a claim, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

Fed. R. Bankr. P. 1019(2)(A). In this case, once the bankruptcy case was converted, the Clerk set a new time period for filing proofs of claim pursuant to Rule 1019(2), after being advised by the Trustee that there may be assets for distribution to the creditors.

For purposes of res judicata, there is no question that the parties are the same; nor is there any question that this Court was a court of competent jurisdiction at the time the claim was disallowed (in fact, this Court was the *only* court that could have disallowed the claim). The issue is whether Rule 1019(2)(A) provides creditors with the opportunity to file new (in this case, identical) proofs of claim after the claim was disallowed before the case was converted.

An order allowing or disallowing a proof of claim is a final order entitled to res judicata. *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 625 (2nd Cir. 2007); *Hann v. Educ. Credit Mgmt. Corp. (In re Hann)*, 476 B.R. 344, 358 (1st Cir. B.A.P. 2012); *Fitch v. Wells Fargo Bank, N.A.*, Nos. 08-1639, 09-3466, 2010 WL 437090 (E.D. La. Feb. 1, 2010); *Holmes v. A.I.*

*Credit Corp. (In re Fast Food Holdings, Ltd.),* Civil Action No. 6:04cv562, 2006 WL 2259842 (E.D. Tex. Aug. 7, 2006); *Matter of Masterson,* 556 B.R. 391, 393 (Bankr. N.D. Ind. 2016) (order sustaining debtor's objection to claim "is a final order and res judicata as to all issues presented or that could have been presented by the claim").[1]

There are surprisingly few cases involving the interplay between Bankruptcy Rule 1019 and res judicata. The case of *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142 (9th Cir. 1999), involved the dismissal of an untimely-filed complaint to determine the dischargeability of debts under Section 523(a) of the Code (Bankruptcy Rule 1019(2)(A) applies to both the deadline for filing dischargeability complaints as well as to the deadline for filing proofs of claim). After the case was converted, the creditor filed the same complaint. The Ninth Circuit, noting that the issue was "unique to bankruptcy proceedings," held that the second complaint was timely filed under Rule 1019(2)(A). Notably, the court of appeals relied on the bankruptcy judge's ruling that "the only issue . . . was whether or not [the prior complaint] was timely in the context of the Chapter 11 then pending." *Id.* at 1143. Given the bankruptcy judge's view that his order was not intended to be a final order with res judicata effects, the Ninth Circuit held that the order dismissing the first complaint was not res judicata.

The case of *FDIC v. Daily (In re Daily)*, 124 B.R. 325 (D. Hawai'i 1991), is consistent with *Marino*, in that the court denied a motion to dismiss a second complaint based on res judicata grounds. The case is distinguishable from the case at hand, however, because in *Daily*

[1] There is a disagreement in the case law on whether the "deemed allowance" provision of Bankruptcy Code Section 502(a) has res judicata effects. Under Section 502(a) a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The Ninth Circuit has held that it does. *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998). The Fourth Circuit has described this proposition as "doubtful" in *County Fuel Co., Inc. v. Equitable Bank Corp.*, 832 F.2d 290, 292 (4th Cir. 1987). However, the Fourth Circuit later described this language in *County Fuel* as dicta. *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 280 (4th Cir. 2016). Even assuming that *County Fuel* is still good law in the Fourth Circuit, there was an Order disallowing the proof of claim in this case, so the deemed allowance provision of Section 502(a) is not at issue.

the first complaint had not been dismissed as of the conversion of the case and was still pending at the time the second complaint was filed.

The case of *Huntington Nat'l Bank v. Schwartzman (In re Schwartzman),* 63 B.R. 348 (Bankr. S.D. Ohio 1986), relied upon by the *Daily* court, also involved the filing of a second complaint while the first complaint was still pending. The court noted that the creditor could have simply amended the first complaint. The court, then, consolidated the adversary proceedings and denied the defendant's motion to dismiss.

More recently, in *In re Gandy,* No. 11-30369, 2013 WL 3216130 (Bankr. E.D. Tenn. June 25, 2013), the bankruptcy court decided a case in which a creditor voluntarily dismissed its complaint against the debtor with prejudice while the bankruptcy case was pending under Chapter 13. When the case was converted to Chapter 7, the creditor filed a motion to extend the deadline to file a second complaint. The court denied the motion, noting that the creditor could have sought to dismiss its complaint without prejudice under Rule 41(b), or it could have kept the complaint pending, while the case was in Chapter 13. *See id.* at *6. Accordingly, the court denied the creditor's motion for an extension of time, holding that such an extension would be futile because the new complaint would be barred by res judicata. *Id*.

In this case, Mr. Kim argues that the Court's disallowance of his claim was not a decision on the merits of his claim. It is true that the Court denied Mr. Kim's Motion for Leave to File a Late Claim in Chapter 11 because the claim was untimely and he failed to demonstrate excusable neglect under Rule 9006(b) and *Pioneer*. The dismissal of claims on statute of limitations grounds, though, is considered to be a decision on the merits for purposes of res judicata. *Wakefield v. Cordis Corp.*, 304 F. App'x 804, 807 (11th Cir. 2008) ("a ruling based on statute of limitations is a decision on the merits for res judicata purposes"); *EB-Bran Prods., Inc. v.*

*Warner/Electra/Atlantic Corp.*, 242 F. App'x 311, 312 (6th Cir. 2007) ("Under federal law, summary judgment based on the statute of limitations is a final judgment on the merits for res judicata purposes"); *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 562 (5th Cir. 1983) (en banc) ("Dismissals for want of jurisdiction are not decisions on the merits, while those based on limitations are"); *Blakes v. Gruenberg*, Case No. 1:16-cv-00240-GBL-MSN, 2016 WL 8731784, *5 (E.D. Va. July 29, 2016); *Katz v. Holland & Knight LLP*, No. 1:09cv1106, 2010 WL 114433, *1 (E.D. Va. Jan. 8, 2010) (citing *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179-81 (4th Cir. 1989)).

Even the Ninth Circuit in *Marino* noted in this regard:

> Indeed, the Restatement has abandoned the "on the merits" terminology because, as it explains, "[i]ncreasingly ... judgments not passing directly on the substance of the claim have come to operate as a bar." *Restatement (Second) of Judgments* § 19 cmt. a (1982); *see also* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4441 (1981); *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 398 (2nd Cir.1997).

181 F.3d at 1144.

It is unlikely, in the Court's view, that the drafters of Bankruptcy Rule 1019 intended a wholesale assault on the principle of res judicata. *See* 28 U.S.C. § 2075 (Bankruptcy Rules Enabling Act – "Such rules shall not abridge, enlarge, or modify any substantive right.") The Court finds, therefore, that Mr. Kim's Proof of Claim No. 31-1 is barred by res judicata.

**Conclusion**

It is therefore **ORDERED**:

1. The Debtor's Motion to Disallow Claim is granted, and Claim No. 31-1 is disallowed in this bankruptcy case.

2. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

Date: Jul 6 2017

Alexandria, Virginia

/s/ Brian F. Kenney

Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: July 7, 2017

Copies to:

Kyeung Guk Min
15125 Braddock Road
Centreville, VA 20120
*Chapter 7 Debtor*

Thomas F. DeCaro, Jr., Esquire
14406 Old Mill Rd., #201
Upper Marlboro, MD 20772
*Counsel for Chapter 7 Debtor*

Hyunkweon Ryu, Esquire
301 Maple Ave. West, Ste 620
Vienna, VA 22180
*Counsel for Sang Wook Kim*

Kevin R. McCarthy, Esquire
1751 Pinnacle Drive Suite 1115
McLean, VA 22102
*Chapter 7 Trustee*